## MEYER, JR. v PARR

Common Pleas Court, Hamilton Co

No A-72262. Decided Jan 10, 1941

George A. Lutz, Cincinnati, for plaintiff.

Cors, Scherer & Hair, Cincinnati, for defendant.

## OPINION

By MACK, J.

Plaintiff seeks recovery herein for alleged libel of plaintiff by defendant in certain communications to and papers filed with the Ohio State Board of Embalmers in charges seeking the revocation of plaintiff's license as funeral director. To said petition defendant filed a general demurrer, which was submitted to the court upon argument and briefs of counsel. In such argument, as well as briefs, it is agreed that if such communications and papers filed with said board are absolutely privileged, even if false and malicious, such general demurrer must be sustained; otherwise overruled.

Under the New Deal ideology the federal government has undertaken the regimentation of a very large number of businesses conducted wholly within the various states of this union, by the creation of various boards, commissions and authorities, with their various duties and powers. Even though such businesses are not engaged in "commerce among the several states", yet such recent national power of regulation has been sustained, upon the theory that we have departed from the concept of the constitutional power of Congress "to regulate commerce * * * among the several states", as stated in the Constitution of the United States, and interpreted by Chief Justice Marshall, Justice Story and other judges. The present concept of such constitutional provision gives Congress authority to regulate such intrastate trades and businesses upon the theory that some of their work or product "affects interstate commerce."

Following such modern philosophy of government, Ohio, like many other states, has undertaken the regulation or regimentation of numerous professional callings. In addition to the act establishing the Board of Embalming

Examiners, we have in this state, among others, acts establishing the State Board of Cosmetologists, State Board of Real Estate Examiners, State Dental Board, Board of Barber Examiners. It is not necessary in consideration of such demurrer in instant case to refer to the duties imposed upon and the powers vested in such other boards.

Referring solely to the Board of Embalming Examiners, we find the following provisions with reference thereto (115 Ohio Laws, 347 to 355, and 117 Ohio Laws, 771 to 776):

Section 1335-3 GC, gives the board power "to adopt and promulgate and enforce such rules and regulations for the transaction of its business and the management of its affairs, the better-ment and promotion of the educational standards of the profession of embalming and the standards of service and practice to be followed in the profession of embalming and funeral directing in the state of Ohio as it may deem expedient and consistent with the laws of the state of Ohio."

Said section, after providing for the appointment by the board of an agent to be known as "Inspector of the Board of Embalmers and Funeral Directors of the state of Ohio", provides that such inspector is authorized "to serve and execute any process issued by any court under the provisions of this act, and to serve and execute any papers or process issued by the board" etc.

Said section provides that the board shall fix the qualifications of applicants and the standard and scope of qualifications for licenses, and specifically fix the qualification of applicants as embalmers, at not less than nine months training, etc.

Said section likewise provides that the president of the board, or any member designated by it, has power and authority "to issue subpoenas to funeral directors and emblamers or persons holding themselves out as such, or for any other person whose testimony, in the opinion of the board, is necessary, and which subpoenas shall require such person or persons to attend before the board or any member thereof designated, upon any hearing conducted under authority of this act."

Sec. 1335-4 GC, provides that the board shall hold at least one meeting annually, for the purpose of examining applicants for licenses and for publication of the notice of such meeting.

Sec. 1335-6 GC, provides for application and issuance of licenses, for suspension, reinstatement of funeral directors and for reciprocal licenses.

Sec. 1335-7 GC, provides that "the board may refuse to grant, may suspend, or may revoke any license granted to a person for any of the following reasons:"

(Seven reasons being stated).

Said section specifically provides:

"No action to suspend, revoke or cancel any license, shall be taken by the board until the accused has been furnished with a statement of the charges against him and the notice of the time and place of hearing thereof, the furnishing of such notice and the charges to be given said accused at least thirty (30) days prior to the date of hearing. If, upon such hearing, the board finds the charges true, it may revoke or suspend the license of the accused person. A stenographic report of each proceeding to revoke or suspend a license shall be made at the expense of the board and a transcript thereof kept in its files.

"Any person who has been refused a license or whose license has been revoked or suspended, may file with the secretary of the board, within thirty (30) days after the decision of the board a written notice that he will prosecute error therefrom to the Common Pleas Court of the county within which such person whose application or license has been refused, revoked or suspended resides, and such Common Pleas Court shall be limited in its proceedings therein to a determination as to whether the action of the board was in accord or consistent with this act or the constitution of this state, or was arbitrary or an abuse of discretion.

Upon the filing of such notice, the secretary of the board shall transmit to the clerk of such court the record of such proceedings. The judgment of the Common Pleas Court may be reviewed upon proceedings in error in the Court of Appeals."

From the above references to foregoing provisions of the law it is plainly apparent that in addition to the administrative duties of the board, its proceedings and functions are largely judicial to the same extent as are proceedings in the constituted courts of justice of this state. That the Legislature regarded the board as vested with judicial functions is obvious when it provided that error may be prosecuted from the decision of the board to the Common Pleas Court and that the judgment of the Common Pleas Court may be reviewed upon proceedings in error in the Court of Appeals.

It is conceded by counsel for both parties that in England and in this country the law has been firmly established that there is an immunity from liability for written communications or statements uttered in legislative or judicial proceedings or before military tribunals. Such communications or statements are absolutely privileged, even though the same may be false or malicious. The rule is founded upon public policy and as a result it recognizes that in some circumstances it affords immunity to the evilly disposed and the malignant slanderer. **Liles v Gaster, 42 Oh St 631; Insurance Co. v Crecelius, 122 Oh St 210.**

In view of our conclusion that the act creating the board in question confers judicial powers upon said board. in addition to its incidental duties of administration, we deem it unnecessary to discuss the cases referred to in the briefs of counsel. It follows that the demurrer to the petition will be sustained.

Inasmuch as the petition and demurrer raise the sole question of absolute privilege it will be unnecessary for plaintiff to amend his petition, although he has that right upon the sustaining of the demurrer. It is suggested therefore that the entry sustaining the demurrer give the plaintiff the right to file an amended petition and that upon his declining to do so, a judgment be entered dismissing the petition. This will present a simple record which will easily afford plaintiff an opportunity to have a review of the court's decision on appeal to the Court of Appeals at an early date.